UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

                Plaintiff,

         -against-

LIEUTENANT BRIAN J. BODGE; MRS. ELAINE VELEZ,

                Defendants.

24-CV-6239 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On July 30, 2024, Plaintiff gave this complaint asserting claims against Defendants Brian Bodge and Elaine Velez to prison officials for mailing; the Court received the complaint on August 8, 2024, and opened this action.[1] Plaintiff did not include an *in forma pauperis* (IFP) application or prisoner authorization form with his complaint, and by order dated August 21, 2024, the Court directed Plaintiff to submit those forms or prepay the filing fees.[2] The Court did not receive the forms or prepayment of fees, and a judgment of dismissal without prejudice entered on October 3, 2024. After the order of dismissal issued, Plaintiff sent letters to the court with status inquiries. (ECF Nos. 7-11.)

On January 13, 2025, Plaintiff submitted in this closed action an amended complaint (ECF 12), as well as an IFP application (ECF 14) and prisoner authorization (ECF 15). This

---

[1] Previously, on March 14, 2023, Plaintiff sued Defendants Bodge and Velez in *Latouche v. Bodge*, No. 7:23-CV-2207 (PMH) (*Latouche I*). After a pre-motion conference, District Judge Halpern noted that Plaintiff had conceded that he had filed the action before fully exhausting his administrative remedies and that the parties had stipulated, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss that action without prejudice. *Latouche I* was therefore dismissed without prejudice on February 6, 2024.

[2] The order was mailed to Plaintiff at Sing Sing Correctional Facility and was not returned to the court.

action is closed, and Plaintiff has not shown any basis for reopening this action to file an amended complaint. Because dismissal of this action was without prejudice to refiling, nothing prevents Plaintiff from bringing a new action.

As a courtesy to Plaintiff, the Court therefore directs that the pleading titled Amended Complaint (ECF 12) be filed as a new complaint. The IFP application and prisoner authorization form shall also be refiled in the new action.

## CONCLUSION

This action was closed on October 3, 2024, and remains closed. The Court directs the Clerk of Court to open a new action and to file the amended complaint (ECF 12) as a new complaint. The Clerk of Court is further directed to refile the IFP application (ECF 14), and prisoner authorization (ECF 15) in the new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 3, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge