UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

Plaintiff,

-against-

LIEUTENANT BRIAN J. BODGE, et al.,

Defendants.

**ORDER**

25-CV-01856 (PMH)

Philip M. Halpern, United States District Judge:

Valery LaTouche ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, moves pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(6) and Local Civil Rule 6.3 for reconsideration of the Court's May 27, 2026 Opinion & Order, to the extent it dismissed Plaintiff's procedural due process claims. (Docs. 39-42). Plaintiff argues that certain provisions of the New York Codes, Rules and Regulations (N.Y.C.R.R.), a New York State Department of Corrections and Community Supervision ("DOCCS") Directive, and a DOCCS Facility ("Sing Sing") Operations Manual created a liberty and property interest in his prison job assignment at the facility's law library. (Doc. 40). Defendant filed opposition on July 31, 2026. (Doc. 50).

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the *judgment*." Fed. R. Civ. P. 59(e) (emphasis added). Thus, Plaintiff's motion is not properly brought pursuant to Federal Rules of Civil Procedure 59(e) because this rule applies only to a judgment. *See Lynk Media, LLC v. Indep. Digit. News & Media, LLC*, No. 24-CV-00583, 2025 WL 3204302, at *2 n.1 (S.D.N.Y. Nov. 17, 2025) ("Because there has been no judgment yet in this case, Rule 59(e) does not apply." (citation modified)). Here, there is no judgment and, thus, Rule 59(e) is inapplicable.

Plaintiff also moves pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." "Rule 60(b)(6) is a catch-all provision" and relief under this rule "is proper only in cases 'of extraordinary circumstances, or extreme hardship' . . . ." *Williams v. Lutheran Med. Ctr.*, No. 12-CV-1881, 2018 WL 3235536, at *2 (E.D.N.Y. July 2, 2018). Here, Plaintiff simply rehashes arguments he already made to the Court in opposition to Defendant's motion to dismiss. (*Compare* Doc. 34 at 8-10 (arguing that N.Y. Comp. Codes R. & Regs. tit. 7, §§ 251-1.1, 251-3.1, DOCCS Directive 4803, and the Sing Sing Facility Operations Manual create a protected liberty interest in Plaintiff's prison job), *with* Doc. 40 at 1-2 (same)). That is not grounds for relief under Rule 60(b)(6). *See Mirabal v. Deutsche Bank Nat'l Tr. Co.*, No. 25-CV-07423, 2026 WL 1328620, at *3 (S.D.N.Y. May 13, 2026) ("Merely reiterating th[e] same argument is not the kind of 'extraordinary' circumstances that merits relief under Rule 60(b)(6)."). Accordingly, Plaintiff's motion pursuant to Rule 60(b)(6) is denied.

Finally, Plaintiff's motion under Local Civil Rule 6.3 is denied as untimely. Local Civil Rule 6.3 provides that, "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Plaintiff's notice of motion is dated June 18, 2026, (Doc. 39), twenty-two days after the Court's Opinion & Order which Plaintiff seeks reconsideration of.[1] Thus, Plaintiff's motion under Local Civil Rule 6.3 is untimely. *See Harris v. City of New York*, No. 23-CV-06344, 2023 WL 7474419, at *2 (S.D.N.Y. Oct. 12, 2023) (denying *pro se* Local Civil Rule 6.3 motion as untimely and noting that "[f]ailure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration.").

[1] The docket reflects that a copy of the Court's Opinion and Order was mailed to Plaintiff at his address listed on the docket. (*See* May 28, 2026 Docket Entry).

Even were the Court to consider Plaintiff's motion for reconsideration on the merits, the Court would deny it. "[A] request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

Here, Plaintiff cites the same N.Y.C.R.R. provisions, DOCCS Directive, and DOCCS Facility Operations Manual that he cited in opposition to Defendants' motion to dismiss. (*Compare* Doc. 34 at 8-10, *with* Doc. 40 at 1-2). As Defendant correctly notes (Doc. 50 at 8), none of the authorities cited by Plaintiff contain "explicitly mandatory language" that "demand[] a conclusion that the State has created a protected liberty interest" in Plaintiff having a particular prison job. *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). For instance, N.Y. Comp. Codes R. & Regs tit. 7, § 251-3.1 states that "[e]very incident of inmate misbehavior involving danger to life, health, security or property must be reported, in writing, as soon as practicable." This provision has nothing to do with prison job assignments. It does not require that a misbehavior report be issued or disciplinary hearing be held prior to an inmate being reassigned from their prison job. Moreover, the DOCCS Directive and Facility Operations Manual cited by Plaintiff are not even state law. *See O'Diah v. Neth*, No. 10-CV-06592, 2013 WL 6440610, at *3 (W.D.N.Y. Dec. 9, 2013) (rejecting procedural due process claim premised on violation of a DOCCS directive because DOCCS directives are not state law but "merely a system the Commissioner has established to assist him in exercising his discretion, which the Commissioner retains, despite any violation of these directives." (quoting *Farino v. Coughlin*, 642 F. Supp. 276, 280 (S.D.N.Y. 1986)).

In sum, the authorities cited by Plaintiff create no protected property or liberty interest in his prison job. Instead, as the Court previously held, the caselaw is crystal clear that Plaintiff had

no liberty or property interest in his prison job assignment such that he was entitled to due process prior to being removed from his position. *See, e.g.*, *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) ("New York law does not give a prisoner 'any statutory, regulatory, or precedential right to his prison job.'" (quoting *Cooper v. Smith*, 468 N.E.2d 701 (N.Y. 1984)); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 579 (S.D.N.Y. 2006) ("[I]t is well settled that 'in New York a prisoner has no protected liberty interest in a particular job assignment.'" (quoting *Frazier v. Coughlin*, 81 F.3d 313, 318 (2d Cir. 1996)).

The Clerk of Court is respectfully directed to: (1) terminate the motion sequence pending at Doc. 39; and (2) mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: White Plains, New York
July 31, 2026

HON. PHILIP M. HALPERN
United States District Judge